867 F.2d 610
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Jerome SIMPKINS, Defendant-Appellant.
 No. 88-5062.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 14, 1988.
Decided: Jan. 23, 1989.
 
 Fred Warren Bennett, Federal Public Defender; Stephen J. Cribari, Deputy Federal Public Defender; Joseph A. Balter, Assistant Federal Public Defender; Maureen Glancy, Law Clerk, for appellant.
 Breckinridge L. Willcox, United States Attorney; Beth P. Gesner, Assistant United States Attorney, for appellee.
 Before JAMES DICKSON PHILLIPS, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Charles Jerome Simpkins appeals his convictions of bank robbery and use of a firearm during a crime of violence. 18 U.S.C.A. Sec. 2113 (West 1984 & Supp.1988); 18 U.S.C.A. Sec. 924 (West 1976 & Supp.1988); 18 U.S.C.A. Sec. 2 (West 1969). On joint motion of the parties, the case was submitted on briefs without oral argument. We affirm.
 
 
 2
 On the first morning of Simpkins' trial, he requested that the district judge exclude the government's case agent from the courtroom or, alternatively, require the agent to testify first. The district judge did not abuse his discretion by refusing to do either, recognizing that case agents generally are not excluded from the courtroom under sequestration orders and stating that it was not necessary for the agent to be called as the first witness.
 
 
 3
 In United States v. Parodi, 703 F.2d 768, 773 (4th Cir.1983), this court held that the district court "has a right to make an exception from a general rule of sequestration in favor of the chief investigating agent of the government involved in a trial." Although the case agent need not be excluded from the courtroom, this court has stated that "better practice suggests that if the agent is to testify, he should testify as the Government's first witness, unless ... there [are] good reasons otherwise." United States v. Mitchell, 733 F.2d 327, 330 (4th Cir.1984). Here, as in Mitchell, if the case agent had been required to testify first, out of sequence, the jury may not have fully understood his testimony which would have been given prior to the testimony of two eyewitnesses. The record clearly demonstrates that Simpkins received a fair trial and was not prejudiced by the sequence of the government's witnesses or by the case agent being allowed to remain in the courtroom.
 
 
 4
 AFFIRMED.